UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ADAN LOPEZ NUCAMENDIZ and ALLAN GONCALVES DA SILVA, | * * * * | |
| Petitioners, | * * | |
| v. | * * | Civil Action No. 25-cv-13851-ADB |
| PATRICIA HYDE, et al., | * * | |
| Respondents. | * * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On December 30, 2025, this Court granted Petitioners Adan Lopez Nucamendiz and Allan Goncalves Da Silva's joint petition for writ of habeas corpus, ordering the federal government to provide them with bond hearings under 8 U.S.C. § 1226(a).  [ECF No. 8].  In fact, Nucamendiz had received a bond hearing the day before, at which he was denied bond based on a finding that he was a flight risk.  [ECF No. 9 at 2–3]; accord [ECF No. 12 at 2].  Nonetheless, both Nucamendiz and Da Silva received bond hearings on January 8, 2026, at which their requests for bond were denied, for Nucamendiz because he failed to show changed circumstances since his December 29 hearing and for Da Silva because he was found to be a flight risk.  [ECF No. 9 at 2]; accord [ECF No. 12 at 2–4].

Although the parties have not provided the Court with the written decisions or transcripts of the bond hearings, the Court requested, and Respondents provided, audio recordings of the three hearings at issue here.  See [ECF Nos. 16–17].  Having reviewed the audio recordings

1

submitted by Respondents, the Court accepts Respondents' characterizations of the immigration judge's stated reasons for denying bond. Specifically, the immigration judge concluded that Nucamendiz was a flight risk because of his "impending voluntary departure, and the denial of other forms of relief," [ECF No. 12 at 5], and that Da Silva was a flight risk because of his "criminal history, combined with the denial of his request for voluntary departure," [id.].[1]

Petitioners now ask the Court to overturn the immigration judge's decisions and order their release. [ECF No. 9 at 6].

By statute, "the Attorney General's discretionary judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the . . . denial of bond or parole" of any noncitizen. 8 U.S.C. § 1226(e). This provision strips federal courts of jurisdiction to hear challenges to an "IJ's discretionary decision to keep [a noncitizen] in detention." Pensamiento v. McDonald, 315 F. Supp. 3d 684, 689 (D. Mass. 2018). It does not, however, deprive them of jurisdiction to hear constitutional challenges to "the extent of the Government's detention authority under the 'statutory framework' as a whole." Hernandez-Lara v. Lyons, 10 F.4th 19,

---

[1] Specifically, at Nucamendiz's first hearing, the immigration judge stated:
> [Nucamendiz] has applied for cancellation, was denied it, and the only thing that's really granted to him at this juncture, apart from the pending appeal, is voluntary departure under safeguards. So he can still pursue that on the detained docket, and on appeal, but I don't see how he's incentivized to . . . [inaudible]. Bond is denied. The court finds flight risk that cannot be ameliorated with bond amount or conditions of release.

Similarly, at Da Silva's hearing, she stated:
> [Allegations of violent behavior by Da Silva are not] necessarily . . . clear and convincing . . . evidence of danger, but they do go towards flight risk, and that, plus the fact that [Da Silva's] relief was denied increases the flight risk, and I don't think there's an amount of bond or conditions of release that will assure me that the respondent will comply with the court's orders. Bond is denied based on flight risk.

2

33–34 (1st Cir. 2021) (quoting <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 295–96 (2018)).  Exercising that jurisdiction, the First Circuit has held that placing on noncitizens the burden of proving that they do not pose a danger to the community or a flight risk to be released on bond violates the Fifth Amendment's Due Process Clause.  <u>Id.</u> at 23–24, 39, 41.  Instead, as relevant here, due process requires that the government bear the burden of proving that the noncitizen is a flight risk by a preponderance of the evidence.  <u>Id.</u> at 41.

District courts in the First Circuit have reviewed immigration judges' bond determinations for compliance with the constitutionally mandated burden of proof.  See, e.g., <u>Garcia v. Hyde</u>, No. 25-cv-00585, 2025 WL 3466312, at *5, *12 (D.R.I. Dec. 3, 2025) (granting habeas relief); <u>Mayancela Mayancela v. FCI Berlin</u>, No. 25-cv-00348, 2025 WL 3215638, at *6–7 (D.N.H. Nov. 18, 2025) (denying habeas relief); <u>Dos Reis v. Vitello</u>, No. 25-cv-10497, 2025 WL 1043434, at *2–3 (D. Mass. Apr. 8, 2025) (denying habeas relief).  To show that an immigration judge failed to apply the correct standard, a noncitizen must either "point to the language of the immigration judge's opinion or demonstrate that 'the evidence itself could not—as a matter of law—have supported' the immigration judge's decision to deny bond."  <u>Diaz Ortiz v. Smith</u>, 384 F. Supp. 3d 140, 143 (quoting <u>Hechavarria v. Whitaker</u>, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)).  Given the highly circumscribed nature of judicial review in this context, courts cannot override an immigration judge's bond decision simply because they "might have reached a different result if considering the issue de novo or in the context of a bail review in a criminal case."  <u>Massingue v. Streeter</u>, No. 19-cv-30159, 2020 WL 1866255, at *5 (D. Mass. Apr. 14, 2020).  Rather, habeas relief is appropriate only if the immigration judge's "exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due

3

process." Diaz Ortiz, 384 F. Supp. 3d at 144 (quoting Pratt v. Doll, No. 17-cv-01020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019)).

Here, Petitioners argue that the immigration judge "presum[ed] flight risk based on the existence of non-final removal orders, effectively creating a per se rule that contravenes BIA precedent," and ignored "substantial evidence" presented by each petitioner showing that they were not a flight risk. [ECF No. 9 at 3–4]. Respondents reply that immigration judges have broad leeway to decide which factors to weigh most heavily in granting or denying bond and that Petitioners received the individualized decisions to which they were entitled. [ECF No. 12 at 5].

On the facts of this case, the Court agrees with Respondents. Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond. Although the Court might have drawn a different conclusion from the evidence were its review de novo, given the very circumscribed nature of collateral review of agency bond determinations by federal district courts, see Hernandez-Lara, 10 F.4th at 43–44 ("All that is required is that [rules for adjudication of bond hearings under § 1226] comport with the minimum standards of the [C]onstitution." (citing Addington v. Texas, 441 U.S. 418, 431 (1979))); id. at 53–54 (Lynch, J., dissenting) (urging "cautio[n] in constitutionalizing agency procedures," id. at 53, in light of "serious separation-of-powers concerns," id. at 54), the Court cannot say that the immigration judge's denial of bond to Petitioners was "so arbitrary that it would offend fundamental tenets of due process." Diaz Ortiz, 384 F. Supp. 3d at 144 (quoting Pratt, 2019 WL 722578, at *4).

4

Accordingly, Petitioners' motion, [ECF No. 9], is **<u>DENIED</u>**.  Because Petitioners have received the bond hearings required by the Court's order, [ECF No. 8], the Petition is **<u>DISMISSED</u>**.

**SO ORDERED.**

January 28, 2026                                            */s/ Allison D. Burroughs*
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE